IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-75,675 & AP-75,676






EX PARTE MICHAEL JAMES WILLIAMS, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 94311-A AND 94309-A IN THE CRIMINAL DISTRICT COURT


FROM JEFFERSON COUNTY





 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
possession of a controlled substance and sentenced to two (2) years' imprisonment. Applicant did
not appeal his convictions. 

 Applicant alleges inter alia that he was arrested on a parole revocation warrant in January
2006, but has not been given a preliminary hearing as required by Gov't Code, Section 508.2811. 

 On January 24, 2007, this Court remanded these applications to the trial court to find out
whether Applicant had been given a preliminary hearing and, if not, why he had not been given such
a hearing. In response to our remand order, the trial court ordered the Texas Department of Criminal
Justice, Parole Division to file an affidavit addressing the issue raised in these applications for a writ
of habeas corpus. The affidavit shows that Applicant has not been given a preliminary hearing
because he has new charges pending and is being held pursuant to Gov't Code, Section 508.254. 
However, even if Applicant has new charges pending, he is still entitled to a preliminary hearing to
determine whether probable cause or reasonable grounds exist which show that he violated the
conditions of his parole. Tex. Gov't Code, § 508.2811. In Morrissey v. Brewer, the Supreme
Court held that due process requires that a preliminary hearing be held "as promptly as convenient"
after a parolee has been arrested to "determine whether there is probable cause or reasonable ground
to believe that the arrested parolee has committed the acts that would constitute a violation of parole
conditions." 408 U.S. 471, 485, 92 S. Ct. 2593, 2602 (1972). In this case, Applicant has been held
for approximately one (1) year and four (4) months without a preliminary hearing. We find that
Applicant has not been given a preliminary hearing within a reasonable time and order the Texas
Department of Criminal Justice, Parole Division to give Applicant a preliminary hearing within thirty
(30) days of the issuance of this opinion. 

Filed: May 2, 2007

Do not publish